OPINION
In December 1998, Darrell E. Burbridge entered guilty pleas to single counts each of two first-degree felonies: aggravated burglary, in violation of R.C. 2911.11; and rape, in violation of R.C. 2907.02. The plea resulted from an August 1998 eight-count indictment arising from the sexual assault, in the form of anal intercourse, on an eighteen-year-old woman. Although the offenses as indicted carried "sexual motivation" and "sexually violent predator" specifications, the state offered, and ultimately the trial court accepted, pleas to the aggravated burglary and rape without any specifications.[1]
Upon acceptance of the pleas and entering findings of guilt, the trial court ordered preparation of a presentence investigation report ("PSI") and scheduled the matter for sentencing.
In February 1999, the trial court held a brief sentencing hearing. The court ultimately sentenced appellant to two concurrent terms of ten years' incarceration, the maximum sentence allowable by statute.
The trial court then immediately conducted what it called a "sexual predator hearing." The court summarily found that Mr. Burbridge qualified as a "sexual predator."
Darrell E. Burbridge (hereinafter "appellant") has timely appealed his sentence and "sexual predator" classification, assigning three errors for our consideration:
ASSIGNMENT OF ERROR NUMBER ONE:
 THE TRIAL COURT ERRED WHEN IT IMPOSED THE MAXIMUM ALLOWABLE SENTENCE WITHOUT MAKING THE REQUIRED FINDINGS WITH RESPECT TO THE FACTORS SET FORTH IN R.C. 2929.14(C) AND WHEN THE RECORD WOULD NOT HAVE SUPPORTED SUCH FINDINGS.
ASSIGNMENT OF ERROR NUMBER TWO:
 THE TRIAL COURT ERRED WHEN IT FAILED TO IMPOSE THE SHORTEST PRISON TERM AUTHORIZED FOR THE OFFENSE WHEN THE DEFENDANT HAD NOT PREVIOUSLY SERVED A PRISON TERM AND THE RECORD DID NOT CONTAIN SUFFICIENT FINDINGS TO SUPPORT THE IMPOSITION OF A LONGER SENTENCE.
ASSIGNMENT OF ERROR NUMBER THREE:
 THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE DEFENDANT WAS A SEXUAL PREDATOR WHEN NO EVIDENCE WAS PRESENTED TO SUPPORT THIS ALLEGATION AND THE INFORMATION THAT THE COURT DID RELY UPON IN MAKING THIS DETERMINATION DID NOT ESTABLISH BY CLEAR AND CONVINCING EVIDENCE THAT THE DEFENDANT IS LIKELY TO COMMIT A SEXUALLY ORIENTED OFFENSE.
The first and second assignments of error are interrelated and, therefore, we address them together. Collectively, the assignments of error contend that the record fails to support imposition of a sentence exceeding the minimum statutory sentence; accordingly, since the record fails to support anything but the minimum sentence, the trial court necessarily erred in imposing the maximum sentence.
R.C. 2929.14 sets forth the basic prison terms which may be imposed by trial courts for respective felony categories. Generally, minimum sentences are favored for first-time imprisonment and maximum sentences are disfavored generally.
With respect to minimum sentences, trial courts are expressly mandated by R.C. 2929.14(B), with certain exceptions, to impose minimum sentences under the following circumstances:
 * * * [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender * * *. (Emphasis added.)
Since there is no debate that appellant "previously has not served a prison term" within the meaning of the above provision, the trial court could only deviate from the mandatory minimum sentence by finding "on the record" that imposition of less than the minimum sentence would either "demean the seriousness of the offender's conduct" or it would "not adequately protect the public from future crime by the offender." Id. The trial court's extremely limited findings "on the record" are discussed below.
R.C. 2929.14(C) speaks to the exceptions referenced above in the mandatory minimum provision, i.e., when the trial court may impose the maximum sentence:
 * * * [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *. (Emphasis added.)
Accordingly, in order to impose a maximum sentence, the trial court was required to make at least one of the following findings: that appellant committed the "worst form" of rape and aggravated burglary; that he posed the "greatest likelihood of committing future crimes;" that he was a "major drug offender" (wholly inapplicable here); or, that appellant is a "repeat violent offender."
With respect to the "worst form of the offense" factor, the trial court stated as follows:
 I'll just make a comment that I think all rapes are exceptionally serious. It's even hard for me to categorize one more serious than the other. I think they are all phenomenally serious. (Tr. 18; emphasis added.)
No reasonable person could question that rape is, in the trial court's words, an "exceptionally serious" offense. However, this observation does not satisfy the statutory requirement that the trial court make such a determination that appellant committed the "worst form" of rape. The trial court's wording does not even lend itself to an implicit "worst form" finding. Pursuant to R.C.2929.12, the trial court was obligated to consider the enumerated statutory factors in making this determination. State v. Hess
(May 13, 1999), Franklin App. No. 98AP-983, unreported (1999 Opinions 1194).
In the trial court's own words, the only "reasons" it imposed the maximum sentence here were as follows:
 * * * I'm giving you a maximum sentence on the charges because I think this is one there [sic] was a significant plea reduction with respect to this case taking out the sexual predator spec. I think you pose a serious likelihood of reoffending. (Tr. 19.)
A reference to appellant's having received a plea reduction, particularly where the "sexual motivation" and "sexually violent predator" specifications have been expressly dismissed, cannot, in and of itself, constitute a finding that appellant committed the "worst form" of the offenses.
At some point, the trial court completed a "felony sentencing worksheet" indicating the presence of certain "more serious" factors, primarily that the victim suffered serious physical or psychological harm. While the PSI includes a reference to the harm suffered by the victim, the "recidivism likely" factors apparently found applicable by the trial court are not sufficiently supported by this record.
There is simply no evidence in the record before us, including the PSI, which supports such a finding. The record reveals that appellant has no substantive criminal record, either as a juvenile or adult. Significantly, the instant offense is appellant's only serious and only sexually oriented offense. Notwithstanding the trial court's above-quoted statement to the contrary, the record is absolutely devoid of support upon which to base a finding that appellant qualifies as an offender who poses "the greatest likelihood of committing future crimes." Again, this offense, while inarguably violent, is appellant's lone significant offense. Given the record before us, the trial court's opinion that appellant would likely reoffend amounts to mere conjecture.
The trial court's "findings" did not satisfy the requirements of R.C. 2929.14(C) and R.C. 2929.12 et seq. Further, the record presently before us, which, for appellate review purposes, includes only the PSI, a brief transcript and the court's judgment entry.[2] In toto, this record is wholly inadequate to support imposition of the maximum sentence. Accordingly, the first assignment of error is sustained.
With respect to the trial court's deviation from the otherwise statutorily mandated minimum sentence, we also find that the trial court failed to satisfy the requirements of R.C.2929.14(B).
Since appellant had not previously served a prison term, the trial court was, at the very least, required to make a record indicating that the court had undertaken the analysis set forth in R.C. 2929.14(B) when it decided to deviate from the minimum sentence.
In order to deviate from the minimum sentence, where, as here, the offender has not previously served a prison term, the trial court had to make a finding "on the record" that imposition of the minimum sentence would "demean the seriousness of the offender's conduct" or that it would "not adequately protect the public from future crime by the offender." For the reasons set forth above in our discussion of the impropriety of imposing the maximum sentence, we reject any notion that the trial court, even implicitly, could legitimately make the latter finding based upon this record. Again, the record supports only a finding that the instant offense is appellant's lone "sexually oriented" offense; the trial court pointed to no basis upon which to conclude that appellant might commit a "future crime." As a result, again, the trial court's "finding" amounts to pure conjecture.
The trial court may have determined that the minimum sentence would "demean the seriousness of the offender's conduct." However, the record before us is insufficient for us to determine whether the trial court undertook the appropriate analysis and considered the requisite statutory reasons for imposing more than the minimum sentence.
Our conclusions and rationale therefor are wholly supported by the recent pronouncement by the Supreme Court of Ohio in State v. Edmonson (1999), 86 Ohio St.3d 324, decided September 8, 1999, after the parties herein briefed the appeal to this court. Edmonson addresses issues directly on point here.
Like appellant, Edmonson was faced with imprisonment for the first time and was sentenced to the maximum term of imprisonment. The first issue confronted by the court was the appropriate construction of R.C. 2929.14(B)'s phrase "finds on the record" as that relates to the requirements which must be adhered to by a trial court in deviating from an otherwise mandatory minimum sentence. At the syllabus, Edmonson holds:
 R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence. (Emphasis sic.)
The body of the opinion explains what the Supreme Court believes the phrase "finds on the record" to mean:
 We construe this statute to mean that unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence.
 * * * [W]e deduce that the verb "finds" as used in this statute means that the court must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons. Id. at 326. (Emphasis added.)
Thus, the court determined, as have we here, that a trial court sentencing an offender to his first term of imprisonment "must specify on the record that one or both reasons allowed by R.C.2929.14(B) justify a sentence longer than the minimum." Id. at 327.
The Edmonson court then proceeded to assess whether the trial court complied with this requirement. In imposing the maximum sentence, the trial court in Edmonson stated as follows:
 "I read the record that [sic] you have had problems, been locked down in a lock-down facility * * * [noted in a footnote by the Supreme Court to be a "jail, not a prison"] on two different occasions.
 "I find you to be a very dangerous offender and you to commit a crime again [sic]. This was a terrible incident with a person who has [sic] a gun, robbing people.
 "Therefore, it is the sentence of this Court, that you be confined * * * [for] the sentence of ten years."
In the judgment entry, the trial court stated:
 "The Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12
"* * *
 "The Court further finds that [Edmonson] is a dangerous offender, that recidivism is likely, and that a gun was used during this incident." Id. at 327-328. (Emphasis sic; footnote omitted.)
In vacating the defendant's sentence, the Edmonson court ultimately concluded that the trial court did not comply with the requirements of the "finds on the record" provision of R.C.2929.14(B):
 Although one or more of the remarks by the trial court might be argued to support a finding that the three-year minimum sentence would demean the seriousness of Edmonson's conduct or that the public would not be adequately protected from his future crime, the trial court did not specify either of these reasons listed in R.C. 2929.14(B) as supporting its deviation from the minimum sentence of three years. With this record, there is no confirmation that the court first considered imposing the minimum three-year sentence and then decided to depart from the statutorily mandated minimum based on one or both of the permitted reasons. Id. at 328.
The trial court's stated findings in Edmonson for deviating from the minimum sentence, which findings the Supreme Court of Ohio found insufficient, is more informative than the detail contained in this record, as set forth above. Accordingly, as the Edmonson court deemed appropriate, the trial court's sentence here must be vacated. In accord with Edmonson, upon remand, the trial court must consider the minimum sentence and specify one or both of the reasons set forth in the statute if a sentence other than the minimum is given.
Edmonson also addressed issues related to the statutory requirements for imposition of maximum sentences; the court's discussion is in accord with our conclusions infra. The court construed both R.C. 2929.14(C) and 2929.19(B)(2)(d):
 * * * [R.C. 2929.14(C)] establishes the public policy disfavoring maximum sentences except for the most deserving offenders and reads as follows:
 "[T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *." (Emphasis added.) * * *
 The other statute at issue, R.C. 2929.19(B)(2)(d), sets the procedure that a trial court must follow when imposing the maximum sentence on an offender for a single offense. As applicable to Edmonson, R.C. 2929.19(B)(2)(d) requires a trial court to "make a finding that gives its reasons for selecting the sentence imposed" if the sentence is for one offense and is the maximum term allowed for that offense, and requires a trial court to set forth its "reasons for imposing the maximum prison term." (Emphasis added.)
In construing the above statutes,[3] the Edmonson court ultimately held that the record in that case, as set forth above, failed to satisfy the statutory requirements set forth in R.C.2929.14(C) because it failed to "record a finding" that the offender "fits within one of the categories of "offenders" in R.C.2929.14(C). "Obviously, without the finding itself, the court also fails to provide the necessary `finding that gives its reasons.' R.C. 2929.19(B)(2)(d)." Id. at 329.
Our conclusion that appellant's sentence must be vacated is wholly supported by Edmonson.
Based upon the foregoing, the first and second assignments of error are sustained. Accordingly, the judgment of the trial court is hereby vacated and this cause is remanded for resentencing.
In sustaining the second assignment of error, we are not mandating that the trial court impose the minimum sentence in this case. We are only noting that the trial court at the first sentencing hearing did not make the explicit findings which would support a deviation from the statutory mandate regarding minimum sentences. If the trial court elucidates its thinking and makes appropriate findings, a sentence other than the minimum may be imposed.
By his third assignment of error, appellant contends that the trial court erred in summarily finding him to be a "sexual predator." Pursuant to R.C. 2950.01(E), a "sexual predator" is one "who has been convicted of or pleaded guilty to a sexually oriented offense and is likely to engage in the future inone or more sexually oriented offenses." (Emphasis added.) Obviously, rape qualifies as a sexually oriented offense. The offender is automatically labeled a "sexually oriented offender," and subject to the registration and notification provisions similar to those of the "sexual predator." However, a "sexually oriented offender" is subject to those obligations and duties for a ten-year period; in contrast, "sexual predator" is a classification carried for life, with lifetime notification and reporting obligations. See R.C. 2950.04 et seq.
While the "sexually oriented offender" classification is automatic, the "predator" classification is a two-pronged judicial determination. In addition to finding the offender committed a sexually oriented offense, the trial court must further find, based upon clear and convincing evidence, that the offender displays a propensity to commit future similar crimes. We cannot sustain a trial court's summary determination that appellant qualifies as a "sexual predator," where no evidence was presented to support such a finding and no analysis exists on the record.
Appellant further contends that the trial court's stated reasons for making this determination were insufficient to establish that appellant is likely to commit another sexually oriented offense. We agree.
The hearing conducted on this issue comprises one-half of one transcript page. The hearing consisted of the trial court's comment that he had reviewed the PSI and had found that the state "proved by clear and convincing evidence * * * the defendant is a sexual predator." Neither the state nor appellant presented any evidence on the issue. As quoted above, the trial judge simply offered, without elaboration, his conclusory statement that he "think[s]" that appellant "pose[s] a serious likelihood of reoffending." Our review of the PSI reveals no "clear and convincing" evidence upon which to base a finding that appellant is likely to reoffend. See R.C. 2950.09(B)(3).
The third assignment of error is sustained. This cause is reversed and remanded with instructions that the trial court enter a finding that appellant not be classified as a sexual predator.
Having also sustained the first and second assignments of error, this cause is reversed and remanded for resentencing consistent with this opinion.
Judgment reversed and cause remanded.
DESHLER and BROWN, JJ., concur.
[1] These recently enacted specifications, R.C. 2941.147
("sexual motivation") and R.C. 2941.148 ("sexually violent predator") appear to have two intended purposes. Pursuant to R.C.2971.03, such specifications may enhance the penalties imposed for certain offenses. Further, pursuant to R.C. 2950.01(G)(1), an offender is "adjudicated as being a sexual predator" if the offender pleads guilty or is found guilty of the "sexually violent predator" specification, thus precluding the necessity of a hearing to make that determination.
[2] Although the court's judgment entry indicates that neither the prosecution nor the defense recommended a sentence, the transcript reveals that the prosecution vehemently urged the court to impose the maximum sentence. (Tr. 15-18.)
[3] While Edmonson's analysis includes R.C. 2929.19(B)(2)(d), that relating to sentencing for one offense, a similar provision with identical hearing requirements is R.C. 2929.19(B)(2)(e), that which guides sentencing hearings for two or more offenses, as is the situation here. Accordingly, the same analysis applies.